UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW P. VYLETEL,           Case No.  22-cv-12744

                 Plaintiff,           Judge Sean F. Cox

vs

                                         Magistrate, Elizabeth A. Stafford

UNIVERSITY OF MICHIGAN-DEARBORN,
et.al.,

                 Defendants.
_____/

| MATTHEW P. VYLETEL | DAVID J. MASSON P37094 |
|---|---|
| In Pro Per, Plaintiff | UNIVERSITY OF MICHIGAN |
| 2417 Bunker Hill Rd. | Office of the Vice President & General Counsel |
| Ann Arbor, MI 48105 | Attorney for Defendant |
| (734) 660-6948 | 1109 Geddes Avenue |
| vyletel.matt@gmail.com | Suite 2300 |
| | Ann Arbor, MI 48109-1079 |
| | (734) 764-0304 |
| | dmasson@umich.edu |

_____/

## **DEFENDANT'S MOTION TO DISMISS**

      NOW COMES The University of Michigan-Dearborn by its attorney David J. Masson, Senior Association General Counsel and Chief Litigation Counsel and pursuant to FRCP 12(b)(6) requests that this Honorable Court dismiss Plaintiff's complaint for improper claim splitting.  Defendant relies on the facts and argument presented in the attached brief.

Defendant sought Plaintiff's concurrence, however, Plaintiff denied concurrence.

>RESPECTFULLY SUBMITTED,
>UNIVERSITY OF MICHIGAN
>
>By: /s/ David J. Masson
>David J. Masson P37094
>Attorney for Defendant
>1109 Geddes Avenue, Suite 2300
>Ann Arbor, MI 48109-1079
>(734) 764-0304
>dmasson@umich.edu

Dated: December 5, 2022

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW P. VYLETEL,                    Case No.  22-cv-12744

                Plaintiff,         Judge Sean F. Cox

vs

                                     Magistrate, Elizabeth A. Stafford

UNIVERSITY OF MICHIGAN-DEARBORN,
et.al.,

                Defendants.
_____/

| MATTHEW P. VYLETEL | DAVID J. MASSON P37094 |
|---|---|
| In Pro Per, Plaintiff | UNIVERSITY OF MICHIGAN |
| 2417 Bunker Hill Rd. | Office of the Vice President & General Counsel |
| Ann Arbor, MI 48105 | Attorney for Defendant |
| (734) 660-6948 | 1109 Geddes Avenue |
| vyletel.matt@gmail.com | Suite 2300 |
| | Ann Arbor, MI 48109-1079 |
| | (734) 764-0304 |
| | dmasson@umich.edu |

_____/

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES .................................................................................... ii

QUESTIONS PRESENTED ................................................................................... iii

STATEMENT OF FACTS ........................................................................................1

ARGUMENT .............................................................................................................3

      I.     PLAINTIFF'S SECOND COMPLAINT IN THIS COURT
            IS BARRED BY THE DOCTRINE OF CLAIM SPLITTING
            AND SHOULD BE DISMISSED .........................................................3

CONCLUSION ..........................................................................................................5

CERTIFICATE OF SERVICE ..................................................................................6

# **INDEX OF AUTHORITIES**
**Cases**

*Church Joint Venture, L.P v Blasingame*, 817 Fed. Appx. 142, 146
    (6th Cir. 2020)..................................................................................................3, 4

*Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) ...................................3

*Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) .............................................3

*Napper v Jaynes*, 2022 WL 2651854 (W.D. Ky. 2022) .........................................3, 4

*Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006)..........................................3

*Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 263 (6th Cir. 2019) ........................3

**Statute(s)**

42 U.S.C. §1985 ...........................................................................................................1

**Other**

*See Restatement (Second) of Judgments* § 25 (1982) ..................................................3

## **QUESTIONS PRESENTED**

1.      Whether Plaintiff's second complaint filed in this court should be dismissed for improper claim splitting?

## STATEMENT OF FACTS

On or about October 17, 2022, Plaintiff, Matthew Vyletel, filed a lawsuit against the Board of Regents of the University of Michigan[1] alleging a violation of 42 U.S.C. 42 §1985 in that his First Amendment rights were violated when he was banned from several University of Michigan-Dearborn buildings (*Vyletel v University of Michigan, Regents of the University of Michigan*, Case No. 22-12485, Docket Sheet attached as Exhibit 1, Dkt. No. 1). This case was assigned to the Hon. Matthew F. Leitman and is currently pending in front of Judge Leitman.

On or about October 27, 2022, Plaintiff filed a First Amended Complaint again alleging a violation of 42 U.S.C. §1985 in that his First Amendment rights were violated when he was banned from several University of Michigan-Dearborn programs and buildings. (Exhibit 2, Dkt. No. 10). In Paragraph 13 of the Amended Complaint Plaintiff alleged as follows:

> On 3/1/19 my civil rights were violated and I was discriminated against by being banned from 'IAVS' and 'MSEL', 2 University of Michigan-Dearborn (UMD) building and from FSAE.

Plaintiff also alleged that for the remainder of his academic career, group work was almost impossible (Exhibit 1, Paragraph 32). Plaintiff also alleged that the violation was continuing:

---

[1] Although not named as Defendants Plaintiff named Eric Kirk (paragraph 4), Line (Lin) Van Nieuwstadt (paragraph 5), Shawn Simone, Kyoung Hyun Kwak, Amy Finley, Aryka Rice, Laura Drebczyk, and James Knittel (Paragraph 6).

> As of the filing of this complaint my 1st amendment rights are still being violated. I am still banned from 2 university buildings and from the FSAE team. Therefore, I am unable to attend design reviews which are held in IAVS (Exhibit 1, paragraph 37)

Plaintiff also alleged that when his professors learned of the ban it became a problem completing labs and senior design (Exhibit 1, paragraph 56).

On October 31, 2022, the University filed a Motion to Dismiss Plaintiff's Complaint, contending that the claim was barred by the Eleventh Amendment and statute of limitations (Exhibit 1, Dkt. No, 12). Plaintiff responded to the motion by alleging that his ban from University of Michigan-Dearborn programs and buildings constituted a continuing violation. Plaintiff stated:

> Even if a statute of limitations is imposed this is an ongoing event, as noted in the Complaint (37), and demonstrated in the Complaint (29). The ban is still inflicted to this day. This is equivalent to a new ban each new day. In other words, each new date is equivalent to a new ban. A new event occurred today. Injury is still occurring. I'm unable to attend design reviews and other team activities. Therefore, statute of limitations is not a valid defense as I'm not limited by it. (Exhibit 1, Dkt. No. 13, Response to Motion to Dismiss at p. 8).

On or about November 14, 2022, Plaintiff filed the instant complaint against the University of Michigan-Dearborn[2] alleging claims arising from the same set of facts, i.e., his being banned from University of Michigan-Dearborn programs and

---

[2] In the instant complaint, although only the University of Michigan-Dearborn is designated as a Defendant, like his first complaint, Plaintiff also names Erik Kirk (paragraph 4), Shawn Simone and Kyoung Hun Kwak (paragraph 5).

2

buildings. Like in his first complaint, Plaintiff alleges that the ban from University programs and buildings impacted his class work (Complaint paragraph 8).

Plaintiff's complaint is an improper attempt to split his claim and should be dismissed.

## ARGUMENT

### I. PLAINTIFF'S SECOND COMPLAINT IN THIS COURT IS BARRED BY THE DOCTRINE OF CLAIM SPLITTING AND SHOULD BE DISMISSED

In *Church Joint Venture, L.P v Blasingame*, 817 Fed. Appx. 142, 146 (6th Cir. 2020) (Unpublished opinion attached as Exhibit 3), the court stated:

> Plaintiffs "must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004); *see Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 263 (6th Cir. 2019) (Moore, J., concurring) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011))). "Essentially, claim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment." *Id*. at 260. The prohibition against claim splitting requires the plaintiff to present all material relevant to a claim in the first action and permits the district court to dismiss a second action grounded in that same set of facts. *See Restatement (Second) of Judgments* § 25 (1982). "[P]laintiffs engage in claim-splitting at the peril of having one case barred by the decision in the other." *Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006).

In *Napper v Jaynes*, 2022 WL 2651854 (W.D. Ky. 2022) (Attached as Exhibit 4), the court set forth the following test to determine if a case should be dismissed for claim splitting. The court stated:

3

> (1) "a final judgment on the merits" in the prior case; (2) "a subsequent suit between the same parties or their privies;" (3) an issue in the second lawsuit that should have been raised in the first; and (4) claims in both lawsuits that arise from the same transaction. *Id*, at *2.

In the instant case, Plaintiff's second complaint in this court clearly meets all of the factors for improper claim splitting. Initially, with respect to factor 1, as the court in *Church Joint Venture* and *Napper* noted in evaluating a second lawsuit for claim splitting the decision on the merits in the first case is assumed. Therefore, in the instant case this Court should assume that Plaintiff's first complaint has been dismissed on the merits[3].

As to factor 2, the University of Michigan-Dearborn is an entity created by and subject to the bylaws of the University of Michigan Board of Regents (Excerpt from Regent's Bylaws attached as Exhibit 5). The bylaws provide that the University of Michigan-Dearborn is subject to the overall direction of the University of Michigan President (Bylaw §2.02). All officers, faculty members, and employees of the University of Michigan are appointed by and subject to the authority of Regents (Bylaw §2.14). In this instant case, the University of Michigan-Dearborn as an entity created by Regental bylaw and subject to the authority of the Regents is certainly in privity with the Board of Regents, the defendants in the first lawsuit.

---

[3] Defendant's Motion to Dismiss is currently pending.

4

As to factor, 3, Plaintiff's claims should have been and actually are raised in the first lawsuit. As to factor 4, all of the claims arise from the same transaction- that Plaintiff was banned from programs and building at the University of Michigan-Dearborn.

Plaintiff's claims should be dismissed as an improper attempt to split his claims.

## CONCLUSION

Defendant respectfully requests that this Honorable Court dismiss Plaintiff's complaint based upon the arguments set forth in the preceding brief.

RESPECTFULLY SUBMITTED,
UNIVERSITY OF MICHIGAN

By: /s/ David J. Masson
David J. Masson P37094
Attorney for Defendant
1109 Geddes Avenue, Suite 2300
Ann Arbor, MI 48109-1079
(734) 764-0304
dmasson@umich.edu

Dated:  December 5, 2022

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN      )
                       ) ss
COUNTY OF WASHTENAW)

    I hereby certify that on the 5th day of December 2022, the foregoing document was filed electronically with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorney(s)/parties of record.

                                      *Denise Truesdell*
                                      Denise Truesdell